IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ANR PIPELINE COMPANY, LLC, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AN EASEMENT TO CONSTRUCT, OPERATE | ) | |
| AND MAINTAIN A 36-INCH GAS | ) | |
| TRANSMISSION LINE ACROSS PROPERTIES | ) | |
| IN THE COUNTY OF MCHENRY, ILLINOIS | ) | |
| OWNED BY JOSEPH M. HAUGH (PARCEL ID | ) | |
| NO. 17-23-200-013); ILLINOIS ELECTRIC | ) | |
| RAILWAY MUSEUM (PARCEL ID NO. 17-14- | ) | |
| 200-003); ILLINOIS RAILWAY MUSEUM | ) | |
| (PARCEL ID NOS. 17-14-200-015 AND 17-14-200- | ) | |
| 010); and UNKNOWN PERSONS AND | ) | |
| INTERESTED PARTIES, | ) | |
| | ) | |
| Defendants. | | |

**<u>COMPLAINT</u>**

Pursuant to its power of eminent domain as authorized by the Natural Gas Act, 15 U.S.C. §§ 717-717z and Federal Rule of Civil Procedure 71.1, plaintiff ANR Pipeline Company, LLC ("ANR") files this Complaint to condemn property interests necessary for the construction, operation, and maintenance of a 36-inch interstate natural gas pipeline and associated appurtenances necessary for its operations (the "Heartland Project") across properties in the County of McHenry, Illinois owned by defendants Joseph M. Haugh, Illinois Electric Railway Museum, and Illinois Railway Museum ("Landowners").

On January 22, 2026, the Federal Energy Regulatory Commission ("FERC") determined that the Heartland Project is in the public interest and issued an Order granting a Certificate of Public Convenience and Necessity for the construction, operation, and maintenance of the

Heartland Project, which includes approximately 49.4 miles of 36-inch diameter pipeline, approximately 11.4 miles of 42-inch diameter pipeline, approximately 8.1 miles of 12-inch diameter pipeline, the replacement of 1.5 miles of ANR's existing Line 301 with 30-inch diameter pipeline, three new compressor stations, installation of additional equipment at one existing compressor station, two new meter stations, the expansion of three meter stations, and the construction of various appurtenant facilities. The Heartland Project seeks to help meet the public's demand for natural gas in Illinois and Wisconsin by providing transportation of natural gas. The Heartland Project will be capable of transporting up to 473,000 dekatherms of natural gas per day to three shippers. Construction of the pipelines and appurtenant natural gas facilities of the Heartland Project as certificated by the FERC requires easements for permanent and non-exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way across certain properties located in Illinois and Wisconsin. Accordingly, it is necessary for ANR to acquire temporary and permanent easements across those properties. The specific properties, Landowners, and the specific rights-of-way condemned on each property are identified in **Exhibit A**. Condemnation is necessary because ANR has been unable to negotiate mutually agreeable easement agreements with the Landowners. In support of its Complaint, ANR states:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to the condemnation authority in Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), and federal question jurisdiction, 28 U.S.C. § 1331.

2. The Landowners contend that the value of the property interests condemned exceeds $3,000.

2

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because properties to be condemned are located within the Northern District of Illinois.

**THE AUTHORITY TO CONDEMN**

4. ANR is a "natural gas company" within the meaning of Section 2(6) of the Natural Gas Act, 15 U.S.C. § 717a(6).

5. On January 22, 2026, the FERC issued a Certificate of Public Convenience and Necessity to ANR for the construction, operation, and maintenance of the Heartland Project, which includes approximately 49.4 miles of 36-inch diameter pipeline, approximately 11.4 miles of 42-inch diameter pipeline, approximately 8.1 miles of 12-inch diameter pipeline, the replacement of 1.5 miles of ANR's existing Line 301 with 30-inch diameter pipeline, three new compressor stations, installation of additional equipment at one existing compressor station, two new meter stations, the expansion of three existing meter stations, and the construction of various appurtenant facilities. *See* FERC Certificate, attached as **Exhibit B**.

6. The Heartland Project seeks to help meet the public's demand for natural gas by providing transportation of natural gas to meet the growing demand for residential, commercial, and industrial customers and address reliability needs in an area prone to severe winter weather.

7. To construct the Heartland Project as certificated by the FERC, it is necessary for ANR to acquire easements for permanent and non-exclusive rights-of-way, access road rights-of-way, temporary construction rights-of-way, and temporary workspace rights-of-way for the construction of the 36-inch pipeline across the properties in the County of McHenry, Illinois, identified in **Exhibit A**.

8. ANR made offers to the Landowners to acquire the necessary property rights for easements across the properties identified in **Exhibit A**, but has been unable to acquire those property rights by agreement from the Landowners.

9. Pursuant to Section 7(h) of the Natural Gas Act, 15 U.S.C. § 717f(h), ANR has the right to acquire the necessary property interests described below to construct, operate, and maintain the Heartland Project.

**THE EASEMENTS TO BE TAKEN**

10. In accordance with the FERC Certificate order, ANR condemns necessary temporary and permanent easements, temporary workspace and additional workspace easements, access roads, and easements for ingress and egress on and across properties of Landowners as described herein and shown on the maps/plats attached as **Exhibit C1 - C4**.

11. The easements may include, as more specifically identified on the map/plat for each property:

    a. Permanent and non-exclusive rights-of-way to construct, operate, protect, maintain, replace, repair, remove, or abandon the pipeline and appurtenant equipment and facilities;

    b. The right of ingress and egress, by pedestrian, vehicle or equipment, over and across the Landowners' property for the sole purpose of accessing the right-of-way;

    c. The right of ingress and egress to, from, on, and across the permanent and exclusive rights-of-way to access other properties or sections of the pipeline and appurtenant equipment and facilities;

    d. Temporary workspace and additional temporary workspace;

4

e.    Temporary Access road rights; and

f.    The right to clear trees, brush, or other vegetation as necessary or convenient for the safe and efficient construction, operation, or maintenance of the pipeline or access roads.

12.    The pipeline, except for risers, valves, drips, hydrate removal systems, line markers, cathodic protection, and test standards, and other appurtenant equipment and facilities reasonably required shall be buried so as not to interfere with the cultivation of the land.  The Landowners may fully use and enjoy the premises to the extent that such use and enjoyment does not interfere with or obstruct ANR's rights described herein.  The Landowners shall not, without the prior written consent of ANR: (a) change the depth of cover over the permanent and non-exclusive rights-of-way for the installed pipeline; (b) place or permit to be placed any temporary or permanent structure or obstruction of any kind, including but not limited to buildings, swimming pools, sheds, paved roadways, concrete pads or sidewalks, mobile homes, trees, telephone poles or wires, electric poles or wires, water or sewer lines, meters or utility boxes, or the like on or over the permanent and non-exclusive rights-of-way for the installed pipeline; (c) store any materials of any kind on the rights-of-way or operate or allow to be operated over the rights-of-way any heavy machinery or equipment that is in excess of 40,000 pounds or that may damage the pipeline or its appurtenant equipment or facilities; or (d) permit the rights-of-way to be covered by standing water, except in the course of normal seasonal irrigation.

**THE PROPERTY OWNERS**

13.    Upon information and belief, and after a reasonably diligent search of public records, the individuals claiming an interest in the property rights being condemned are identified in **Exhibit A**.

5

**OTHERS WHO MAY CLAIM AN INTEREST**

14.     There may be other persons who claim an interest in the property rights being condemned whose names are unknown to ANR because their identities could not be learned by diligent inquiry.  These persons have been made parties to this action as permitted by Rule 71.1 of the Federal Rules of Civil Procedure.

WHEREFORE, ANR requests that this Court:

a.     Enter an Order granting ANR the property rights described above;

b.     Grant ANR immediate access and entry on the above-described easements prior to the determination of just compensation upon the posting of an appropriate bond;

c.     Determine and award just compensation to the Landowners for the taking of the temporary and permanent easements; and

d.     Grant such other relief as may be just and proper.

REED SMITH LLP

Dated: May 15, 2026

*/s/ Graeme Sua*
Graeme Sua
Illinois #6343579
Reed Smith LLP
10 South Wacker Drive
40th Floor
Chicago, IL 60606
312-207-2771
gsua@reedsmith.com

*/s/ Nicolle R. Snyder Bagnell*
Nicolle R. Snyder Bagnell
Pro hac pending
Reed Smith LLP
225 Fifth Ave, Suite 1200
Pittsburgh, PA 15222
412-288-7112
*Counsel for Plaintiff*
*ANR Pipeline Company, LLC*